FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 28  A 11: 28

CLERK _____
  SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WESLEY WOODHAM,

    Petitioner,

vs.

JOSE VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV205-146

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Wesley Woodham ("Woodham"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed[1] a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Woodham has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Woodham was convicted in the Middle District of Alabama of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 151 months' imprisonment. Woodham filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v.

---

[1] Woodham originally filed his petition in the Middle District of Alabama. The Honorable Mark E. Fuller transferred the petition to the Southern District of Mississippi. (Doc. No. 1.) The Honorable David Bramlette then transferred Woodham's petition to this Court, as Woodham is currently incarcerated within this District. (Doc. No. 10.)

AO 72A
(Rev. 8/82)

Woodham, 174 F.3d 201 (11th Cir. 1999) (Table). Woodham also filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the Middle District of Alabama denied.

In the instant petition, Woodham contends that the obstruction of justice enhancement he received is being unconstitutionally applied to him, as is evident by the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004). Woodham requests that he be re-sentenced without the obstruction of justice enhancement.

Respondent avers that Woodham's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Woodham has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely, and by extension, United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), do not apply retroactively to cases on collateral review. (Mot. to Dismiss, pp. 2-3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has

2

> failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Woodham has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention based on the Eleventh Circuit's decision in In re Dean, 375 F.3d 1287 (11th Cir. 2004).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

sentencing court was abolished).  None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255.  The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Woodham has failed to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition.  In fact, Woodham has made these same claims either in the court of his conviction or on appeal with the Eleventh Circuit Court of Appeals.  Simply because the courts in his previously filed matters rejected Woodham's claims does not render section 2255's remedy inadequate or ineffective.  Woodham's assertion that section 2255's remedy is inadequate or ineffective based on the Dean decision is unavailing.  In Dean, the Eleventh Circuit noted that the Supreme Court has not made its decision in Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion.  Dean, 375 F.3d at 1290.  However, this case does not render § 2255's remedy inadequate or ineffective.  Woodham has not satisfied the requirements of § 2255's savings clause.  See Wofford, 177 F.3d at 1244.

4

In sum, Woodham cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Woodham is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 15) be **GRANTED**, and Woodham's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)